JN/ABS:EAG/AE
F. #2018R00733

RD 12/12/19 JT

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC 1 2 2019 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X

UNITED STATES OF AMERICA

- against -

WESLEY BLAKE BARBER and
CHRISTOPHER WALKER,

                      Defendants.

------------------------------X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 19-239 (S-1) (RJD)
(T. 18, U.S.C., §§ 371, 981(a)(1)(C),
1343, 1349, 1512(b)(1), 1512(b)(2)(A),
1512(b)(2)(B), 1512(b)(2)(C),
1512(b)(3), 1952(a)(3)(A), 2 and 3551
et seq.; T. 21, U.S.C., § 853(p); T. 28,
U.S.C., § 2461(c))

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Superseding Indictment, unless otherwise indicated:

I.    The Defendants and Relevant Entities

      1.    The defendant CHRISTOPHER WALKER was a licensed physician and urogynecologist who performed surgeries on women to remove transvaginal mesh ("TVM") implants ("removal surgeries"). WALKER performed these surgeries in connection with MedSurg Holdings LLC d/b/a MedSurg Consultants LLC ("MedSurg"), a business he owned and operated.

      2.    The defendant WESLEY BLAKE BARBER, together with others, operated and owned Surgical Assistance Inc. ("Surgical Assistance") and Medical Funding Consultants LLC ("Medical Funding Consultants") (together, the "Barber Entities"). The

Barber Entities facilitated the coordination of removal surgeries and purchased and resold medical debts for profit.

3. Various companies were in the business of, among other things, providing financing in connection with removal surgeries, including by offering loans that were secured by financial awards from personal injury lawsuits ("Contingent Loans") or by purchasing the right to collect debts for expenses owed by patients who had removal surgeries ("Medical Debts"). These companies included Company-1, an entity the identity of which is known to the Grand Jury, and its affiliates (collectively, "Funding Company-1"), which operated in Brooklyn, New York, and other locations; and Company-2, an entity the identity of which is known to the Grand Jury, and its affiliates (collectively, "Funding Company-2"), which operated in Boca Raton, Florida, and other locations.

II. The Fraudulent Scheme

4. Since approximately 2008, manufacturers of TVM implants have been engaged in lawsuits relating to the use of TVM implants and alleged harm that these implants caused. On or about February 7, 2012, a Multi-District Litigation ("MDL") was formed and numerous TVM lawsuits were consolidated in the District Court in the Southern District of West Virginia. On or about June 14, 2013, one of the manufacturer-defendants in the MDL announced that it had entered into a Master Settlement Agreement ("MSA") with certain counsel regarding a particular number of filed – and some unfiled – TVM cases handled or controlled by participating counsel. As part of the MSA, the parties agreed upon monetary recoveries to be provided to current and future claimants who fell into particular categories. Women who had undergone removal surgeries were entitled to receive a larger settlement

2

than those whose mesh insert remained implanted. Other manufacturers entered into similar settlement agreements that were also publicly announced.

5. Following the announcement of the MSA, the defendants WESLEY BLAKE BARBER and CHRISTOPHER WALKER, together with others, participated in a fraudulent scheme in order to profit from the MSA and other TVM-related lawsuits.

(a) First, members of the conspiracy facilitated the identification of victims – women throughout the United States who had the mesh insert implanted transvaginally and might have been willing to undergo removal surgeries and commence lawsuits against the manufacturer of the mesh insert (the "Victims"). Among the Victims were Jane Doe #1, Jane Doe #2 and Jane Doe #3, individuals whose identities are known to the Grand Jury and who resided in the Eastern District of New York. Once the Victims were identified, individuals associated with medical funding facilitators, including the Barber Entities, contacted the Victims to determine whether the Victims would travel to meet with one of their pre-selected surgeons and undergo removal surgeries. To entice the Victims to undergo a removal surgery that would lead to a higher settlement payment from the TVM manufacturers, the defendants, together with others, falsely and fraudulently (i) described the risks of the TVM implants and the need for removal of the TVM implants, (ii) strongly implied that the women would need to travel out of state to use pre-selected doctors (rather than the Victims' local doctors), and (iii) misled the Victims about their ability (or inability) to rely upon their health insurance to cover any medical expenses associated with the removal surgery.

(b) Second, companies, including Funding Company-1 and Funding Company-2, financed the removal surgeries for the Victims, either through Contingent Loans

or by purchasing Medical Debts. Certain agreements entered into by the Victims included provisions in which the women agreed to repay the costs of the removal surgery plus interest, which accrued at exorbitant rates, if the women ultimately received a settlement or favorable judgment against the mesh manufacturer. In certain funding arrangements, the Victims were responsible for the medical bills associated with the removal surgeries even if they did not receive a settlement.

(c)     Third, once surgical funding was secured, the Victims were contacted again and arrangements were made for the women to travel to visit a doctor who would perform the removal surgery (often by traveling hundreds of miles and with very little consultation in advance of the surgery). For example, WALKER performed removal surgeries on Jane Doe #1 and Jane Doe #3.

(d)     Fourth, with no disclosure to the Victims who underwent the removal surgeries, WALKER, together with others, paid kickbacks and bribes in exchange for BARBER's and the Barber Entities' referral of patients to WALKER.

COUNT ONE
(Wire Fraud Conspiracy)

6.     The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

7.     In or about and between June 2013 and March 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants WESLEY BLAKE BARBER and CHRISTOPHER WALKER, together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud and to obtain money and property by means of one or more materially false and fraudulent

4

pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted, by means of wire communication in interstate commerce, writings, signs, signals and sounds, contrary to Title 18, United States Code, Section 1343.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

COUNTS TWO THROUGH FOUR
(Wire Fraud)

8. The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

9. On or about the dates set forth below, within the Eastern District of New York and elsewhere, the defendants WESLEY BLAKE BARBER and CHRISTOPHER WALKER, together with others, did knowingly and intentionally devise a scheme and artifice to defraud and to obtain money and property by means of one or more materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, transmit and cause to be transmitted, by means of wire communication in interstate commerce, writings, signs, signals and sounds, as described below.

| COUNT | APPROXIMATE DATE | DESCRIPTION |
|---|---|---|
| TWO | May 27, 2014 | Email on behalf of a Florida-based law firm to Jane Doe #1 in New York providing, among other things, a document from Surgical Assistance |
| THREE | June 7, 2014 | Email from a Washington-based electronic communications provider to New York-based Funding Company-1 providing a chart of the status of various individuals, including Jane Doe #3 |

5

| COUNT | APPROXIMATE DATE | DESCRIPTION |
|---|---|---|
| FOUR | July 14, 2014 | Email from "blake@medicalfundingconsultants.com," based in Florida, directing New York-based Funding Company-1 to send another individual the "contract for the [last name of Jane Doe #3] case" |

(Title 18, United States Code, Sections 1343, 2 and 3551 et seq.)

COUNT FIVE
(Travel Act Conspiracy)

10. In or about and between January 2014 and March 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants WESLEY BLAKE BARBER and CHRISTOPHER WALKER, together with others, did knowingly and willfully conspire to use, and cause the use of, one or more facilities in interstate commerce, with intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of an unlawful activity, to wit: payment and acceptance of bribes and kickbacks in exchange for the referral of patients, in violation of the laws of the State or States in which the unlawful activity was committed, and thereafter perform such promotion, management, establishment, carrying on and facilitation of the promotion, management, establishment and carrying on of such unlawful activity, contrary to Title 18, United States Code, Section 1952(a)(3)(A).

11. In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendants WESLEY BLAKE BARBER and CHRISTOPHER WALKER, together with others, committed and caused to be committed, among others, the following:

## OVERT ACTS

(a) On or about May 23, 2014, Jane Doe #1 traveled from New York to Florida for a TVM removal surgery.

(b) On or about May 27, 2014, Jane Doe #2 traveled from New York to Florida for a TVM removal surgery.

(c) On or about September 17, 2014, Jane Doe #3 traveled from New York to Florida for a TVM removal surgery.

(d) A check dated October 3, 2014 was issued from Funding Company-1 and made payable to MedSurg.

(e) A check dated October 21, 2014 in the amount of $16,000 was issued from MedSurg to Surgical Assistance for Jane Doe #3 and three other Victims.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

## COUNT SIX
(Travel Act Violation – Jane Doe #3)

12. On or about September 17, 2014, within the Eastern District of New York and elsewhere, the defendants WESLEY BLAKE BARBER and CHRISTOPHER WALKER, together with others, did knowingly and intentionally use, and cause the use of, one or more facilities in interstate commerce, with intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of an unlawful activity, to wit: payment and acceptance of bribes and kickbacks in exchange for the referral of Jane Doe #3 to WALKER, in violation of Florida Statute Sections 817.505 and 456.054, and thereafter did perform and attempt to perform such promotion, management,

establishment, carrying on and facilitation of the promotion, management, establishment and carrying on of such unlawful activity.

(Title 18, United States Code, Sections 1952(a)(3)(A), 2 and 3551 et seq.)

COUNT SEVEN
(Witness Tampering and Obstruction of an Official Proceeding)

13. The allegations in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

14. On or about and between May 28, 2019 and June 3, 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant CHRISTOPHER WALKER did knowingly, intentionally and corruptly attempt to persuade Individual-1, an individual whose identity is known to the Grand Jury, with intent: (a) to influence, delay and prevent the testimony of Individual-1 in one or more official proceedings; (b) to cause and induce Individual-1 to (1) withhold documents, (2) alter and conceal documents with intent to impair their availability for use and (3) evade legal process summoning Individual-1 to appear as a witness and to produce records and documents, all in connection with one or more official proceedings; and (c) to hinder, delay and prevent the communication to one or more law enforcement officers of the United States, to wit: Special Agents of the Federal Bureau of Investigation and prosecutors in the United States Attorney's Office for the Eastern District of New York, of information relating to the commission and possible commission of one or more Federal offenses.

(Title 18, United States Code, Sections 1512(b)(1), 1512(b)(2)(A), 1512(b)(2)(B), 1512(b)(2)(C), 1512(b)(3) and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

15. The United States hereby gives notice to the defendants that, upon their conviction of any of the offenses charged herein, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses.

16. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been comingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____
FOREPERSON

_____
RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: _____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. O.136

_____
ROBERT ZINK
CHIEF, FRAUD SECTION
CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE

F.#: 2018R00733
FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

WESLEY BLAKE BARBER and CHRISTOPHER WALKER,

Defendants.

# SUPERSEDING INDICTMENT

(T. 18, U.S.C., §§ 371, 981(a)(1)(C), 1343, 1349, 1512(b)(1), 1512(b)(2)(A), 1512(b)(2)(B), 1512(b)(2)(C), 1512(b)(3), 1952(a)(3)(A), 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C. § 2461(c))

*A true bill.*

_____
Foreperson

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____
Clerk

*Bail, $* _____

Elizabeth Geddes, *Assistant U.S. Attorney* (718) 254-6430
Andrew Estes, *Trial Attorney* (718) 254-6250