UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                CASE NUMBER: 1:19-cr-000239-RJD-1

WESLEY BLAKE BARBER,

    Defendant.
_____/

## DEFENDANT WESLEY BLAKE BARBER'S MOTION FOR PRODUCTION OF DISCOVERY PURSUANT TO *BRADY/GIGLIO* AND RULE 5(f) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

The Defendant, Wesley Blake Barber, by and through his undersigned attorney, moves the Court, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963); and it's progeny, including *Giglio v. United States*, 405 U.S. 150 (1972) and statutorily mandated by Federal Rule of Criminal Procedure 5(f) to issue an Order setting forth the following: requiring the United States to immediately produce any material(s) in their possession or known pursuant to *Brady* and *Giglio*,

## MEMORANDUM OF LAW

A.    Background

In the mid-2000s medical experts discovered the very harmful side effects of Transvaginal Mesh ("TVM") implants that were used to treat women. As a result, numerous lawsuits were filed in various courts around the country against the manufacturers of these devices. According to the Superseding Indictment, a later Multi-District Litigation was formed and consolidated these cases all to the Southern District of West Virginia, where they were later

settled via a Master Settlement Agreement. The Superseding Indictment states that Settlements were categorized and paid according to the resulting care of the patients.

On May 23, 2019, Mr. Barber was indicted on offenses surrounding the alleged illegal arrangement of TVM removal procedures. Briefly outlined, the Government's case centers on their belief that Mr. Barber (using his entities) implemented predatory tactics to seek out and contact potential candidates for TVM removal. Patients that were signed up were alleged to be referred to preselected doctors, who in some circumstances allegedly provided referral fees to Mr. Barber (including co-defendant, Dr. Christopher Walker). The Government also believe this was accomplished by financing these removals through high interest contingency loans provided through third-party funding or through the purchase of these patients medical debts (outlined as Company-1 and affiliates Funding Company-1 and Company-2 and affiliates Funding Company-2 in the Superseding Indictment).

B. Relevant Law

The issue raised by this motion is at what stage in the proceeding must the duty of disclosure of *Brady v. Maryland* and its progeny be fulfilled. Mr. Barber submits that disclosure should be required immediately upon discovery of such materials by the Government in order that the defendant be afforded sufficient opportunity to make appropriate use of Brady information. Government disclosure of material exculpatory and impeachment evidence is part of the constitutional guarantee to a fair trial. *Brady* at 87.

Exculpatory and impeachment evidence is material to a finding of guilt and thus the Constitution requires disclosure when there is a reasonable probability that effective use of the evidence will result in an acquittal. *U.S. v. Bagley*, 475 U.S. 667, 676 (1985). Because *Brady* and *Giglio* are constitutional obligations, *Brady/Giglio* evidence must be disclosed regardless of

whether the defendant makes a request for exculpatory or impeachment evidence. *Kyles v. Whitley*, 514 U.S. 419, 432-33 (1995). Because it is sometimes difficult to assess the materiality of evidence before trial, prosecutors generally must take a broad view of materiality and err on the side of disclosing exculpatory and impeaching evidence. *Id.* at 439.

The Government's discovery productions have been voluminous, and but has not addressed the concerns of counsel when it comes to his Due Process rights. Specifically, Mr. Barber argues there are three areas for we are seeking additional materials that are covered under the prosecutor's obligations under the *Brady* decision and those decisions that followed. They include (1) evidence that materially impeaches any fact or witness; (2) any evidence that supports a valid defense to the charge; and (3) any evidence that tends to exonerate/the accused.

Within the Government's voluminous discovery production(s), they have included hundreds of thousands of pages of medical records, loan applications, e-mails, and other communications regarding hundreds, if not thousands, of potential patients who may or may not have had contact with Mr. Barber or Mr. Barber's entities regarding the removal of TVM. That said there is very little provided in the way of interviews or statements from any patients, their families, co-conspirators, or other parties that might be material to Mr. Barber. For example, there may be numerous patients who had positive interaction with Barber and/or Mr. Barber's entities in their efforts to overcome very difficult circumstances, and these interactions could be recorded in some form. Such material evidence would be needed immediately for the preparation of his defense.

### RELIEF SOUGHT

1) Please provide all documents, including notes and reports, of any patients who interacted with Wesley Blake Barber aka Blake Barber, Surgical Assistance Inc., and Medical

Funding Consultants LLC that are in the custody and control of the government, including law enforcement.

2) Please provide all documents, including notes and reports, of any doctors who interacted with Wesley Blake Barber aka Blake Barber, Surgical Assistance Inc., and Medical Funding Consultants LLC that are in the custody and control of the government, including law enforcement.

3) Please provide all documents, including notes and reports, of any TVM Lawsuit Attorneys who interacted with Wesley Blake Barber aka Blake Barber, Surgical Assistance Inc., and Medical Funding Consultants LLC that are in the custody and control of the government, including law enforcement.

## CONCLUSION

For the foregoing reasons, Mr. Barber respectfully requests the court direct the Government to provide a Bill of Particulars setting forth the particulars requested in this motion in preparation of trial.

Respectfully submitted,

*/s/Joseph C. Flynn*
Joseph C. Flynn, Esquire
Florida Bar Number: 47027
Attorney for the Defendant
NeJame Law
189 S. Orange Avenue, Suite 1800
Orlando, Florida 32801
Telephone: (407) 500-0000
Facsimile: (407) 802-1643
E-mail: Trey@nejamelaw.com
Secondary Email:Mark@NeJamelaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 12th day of March, 2021, I personally filed the foregoing, with the Clerk of the Court, and a copy by hand delivery to the following: Office of the United States Attorney, Andrew Estes, 271 Cadman Plaza East, Brooklyn, NY 11201; Co-Defendant Christopher Walker's Counsel at Jodi.Avergun@cwt.com.
.

/s/*Joseph C. Flynn*
Joseph C. Flynn, Esquire
Florida Bar Number: 47027
Attorney for the Defendant
NeJame Law
189 S. Orange Avenue, Suite 1800
Orlando, Florida 32801
Telephone: (407) 500-0000
Facsimile: (407) 802-1643
E-mail: Trey@nejamelaw.com
Secondary Email:
Shari@NeJamelaw.com

# EXHIBIT A



NeJame Law, P.A.
189 South Orange Avenue
Suite 1800
Orlando, FL 32801
407.500.0000

www.nejamelaw.com

**VIA US MAIL**
Mr. Andrew Estes
U.S. Attorney's Office
Eastern District of New York
271 Cadman Plaza E.
Brooklyn, NY 11201

Re: *United States v. Wesley Blake Barber*, Case No.: 1:19-cr-00239-RJD

Mr. Estes,

In reviewing discovery and preparing for trial in this matter, I am requesting additional material information be disclosed. Pursuant to Mr. Barber's rights under the Fifth and Sixth Amendments, as well as the Federal Rules of Criminal Procedure, we are requesting the following information not yet received.

### 1) All Evidence of Defendant's Written Statements:

Pursuant to Fed. R. Crim. P 16(a)(1)(B) Mr. Barber any and all additional written or recorded statements, including his communications with or about the Jane Doe #1, Jane Doe #2, and Jane Doe #3 listed in the indictment related to this matter.

### 2) All Evidence, including Documents and Audiotapes of Communications:

Mr. Barber requests evidence, including emails, correspondence, and audiotapes of any communications between and among the government, its agents, and cooperating witnesses, as well as such correspondence and communications between these parties and the defendants in this cause.

### 3) Information Regarding Patients who Interacted with Wesley Blake Barber aka Blake Barber, Surgical Assistance Inc., and Medical Funding Consultants LLC

Please provide all documents, including notes and reports, of any patients who interacted with Wesley Blake Barber aka Blake Barber, Surgical Assistance Inc., and Medical Funding Consultants LLC that are in the custody and control of the government, including law enforcement. This requested information is discoverable under Fed. R. Crim. P. 16 and *Brady v. Maryland*, 373 U.S. 83 (1963).

These requests apply to all witnesses, regardless of whether the government intends to call them at trial. The government has an obligation to provide this material to the defense, regardless of whether the government intends to call these individuals during the trial of Mr. Barber. See *United States v. Jackson*, 345 F3d 59, 70 (2d Cir. 2003); *United States v. Harrison*, 524 F.2d 421, 427 (D.C. Cir. 1975)(noting that "[w]hether or not the prosecution uses the witness at trial, the notes could contain substantive information or leads which would be of use to the defendants on the merits of their case")

Sincerely,

Mark E. NeJame

Joseph C. Flynn, III

Jaya Balani
Attorneys for Wesley Blake Barber

Cc: Fritz Scheller

# EXHIBIT B



NeJame Law, P.A.
189 South Orange Avenue
Suite 1800
Orlando, FL 32801
407.500.0000

www.nejamelaw.com

June 12, 2020

**VIA US MAIL**
Mr. Andrew Estes
U.S. Attorney's Office
Eastern District of New York
271 Cadman Plaza E.
Brooklyn, NY 11201

    Re: *United States v. Wesley Blake Barber*, Case No.: 1:19-cr-00239-RJD

Mr. Estes,

    On October 29, 2019 we sent a letter demanding materials related to the prosecution of Wesley Blake Barber pursuant to Mr. Barber's rights under the Fifth and Sixth Amendments, as well as the Federal Rules of Criminal Procedure. We are making a subsequent request after the most recent production from your office did not contain the materials previously requested. We will be following this request with a request for a statement of Particulars regarding the Amended Indictment.

1) **All Evidence of Defendant's Written Statements:**

    Pursuant to Fed. R. Crim. P 16(a)(1)(B) Mr. Barber any and all additional written or recorded statements, including his communications with or about the Jane Doe #1, Jane Doe #2, and Jane Doe #3 listed in the indictment related to this matter.

2) **All Evidence, including Documents and Audiotapes of Communications:**

    Mr. Barber requests evidence, including emails, correspondence, and audiotapes of any communications between and among the government, its agents, and cooperating witnesses, as well as such correspondence and communications between these parties and the defendants in this cause.

3) **Information Regarding Patients who Interacted with Wesley Blake Barber aka Blake Barber, Surgical Assistance Inc., and Medical Funding Consultants LLC**

    Please provide all documents, including notes and reports, of any patients who interacted with Wesley Blake Barber aka Blake Barber, Surgical Assistance Inc., and Medical Funding Consultants

LLC that are in the custody and control of the government, including law enforcement. This requested information is discoverable under Fed. R. Crim. P. 16 and *Brady v. Maryland*, 373 U.S. 83 (1963).

These requests apply to all witnesses, regardless of whether the government intends to call them at trial. The government has an obligation to provide this material to the defense, regardless of whether the government intends to call these individuals during the trial of Mr. Barber. See *United States v. Jackson*, 345 F3d 59, 70 (2d Cir. 2003); *United States v. Harrison*, 524 F.2d 421, 427 (D.C. Cir. 1975)(noting that "[w]hether or not the prosecution uses the witness at trial, the notes could contain substantive information or leads which would be of use to the defendants on the merits of their case")

4) **In addition to the previous requests, we would ask for any information regarding additional co-conspirators.**

Thank you for your time and cooperation with this matter.

Sincerely,

Joseph C. Flynn, III

/s/
Jaya Balani

/s/
Mark E. NeJame
Attorneys for Wesley Blake Barber

Cc: Fritz Scheller
Tama Beth Kudman