UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    Plaintiff,

v.                            CASE NUMBER: 1:19-cr-000239-RJD-1

WESLEY BLAKE BARBER,

    Defendant.
_____/

## DEFENDANT WESLEY BLAKE BARBER'S
## MOTION FOR A BILL OF PARTICULARS

The Defendant, Wesley Blake Barber, by and through his undersigned attorney, moves for a bill of particulars in accordance with the Federal Rule of Criminal Procedure 7(f); the Due Process and Effective Assistance of Counsel provisions of the Fifth and Sixth Amendments to the Constitutional of the United States; and the scheduling order. A bill of particulars will adequately apprise Defendant of the scope of the Government's allegations and allow Mr. Barber to prepare his defense and avoid any unfair and prejudicial issues at trial.

## MEMORANDUM OF LAW

This request is timely. Under Federal Rules of Criminal Procedure 7(f) a defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. Mr. Barber's motion is timely under the Court's scheduling order.

The function of a bill of particulars is to provide defendant with information about the details of the charge against him if this is necessary to the preparation of his defense, and to avoid prejudicial surprise at the trial. *United States v. Bortnovsky*, 820 F.2d 572, 574. A bill of particulars permits a defendant "to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *Id*. Federal trial

1

courts have very broad discretion in ruling upon requests for bills of particulars. *Will v. United States* 389 U.S. 90, 99 (1967). The government may be required to disclose the names of some potential witnesses when this information is necessary or useful in the defendant's preparation for trial. *Id.*

The court should grant a defendant's motion for a bill of particulars when the information requested is necessary for the defendant to prepare a defense. *United States v. Henry*, 861 F. Supp. 1190, 1997 (S.D.N.Y 1994) If an indictment's charges are so general that they fail to inform the defendant the specific acts he or she is being accused of, then the court should consider whether this information has been made to the defendant in alternative forms, like in discovery or prior court proceedings, when ruling on a motion requesting a bill of particulars. *United States v. Torres*, 901 F.2d 205, 234 (2 Cir. 1990); *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) When evaluating the sufficiency of an indictment, the trial court should also consider the complexity of the offense, the clarity of the indictment, and the degree of discovery otherwise available to the defendants. *United States v. Santiago*, 174 F. Supp. 2d 16 (S.D.N.Y. 2001)[1] (See also: *United States v. Jones*, 2013 WL 12180869 (S.D.N.Y. 2013))

On May 23, 2019, Mr. Barber was indicted on offenses surrounding the alleged illegal arrangement of TVM removal procedures. Briefly outlined, the Government's case centers on their belief that Mr. Barber (using his entities) implemented predatory tactics to seek out and contact potential candidates for TVM removal. Patients that were signed up were alleged to be referred to preselected doctors, who in some circumstances allegedly provided referral fees to Mr. Barber (including co-defendant, Dr. Christopher Walker). The Government also believe this

---

[1] The Court in *Santiago* granted a bill of particulars where the defendant was charged in only one count of a multi-count indictment that provided only sparse details of defendant's alleged role in the conspiracy and did not name his unindicted co-conspirators

2

was accomplished by financing these removals through high interest contingency loans provided through third-party funding or through the purchase of these patients medical debts (outlined as Company-1 and affiliates Funding Company-1 and Company-2 and affiliates Funding Company-2 in the Superseding Indictment).

These potential patients are referenced in the Superseding Indictment as "Victims" defined as "women throughout the United States who had the mesh insert implanted transvaginally and might have been willing to undergo removal surgeries and commence lawsuits against the manufacturer of the mesh insert." Among those victims specifically listed in the Superseding Indictment were Jane Doe #1, Jane Doe #2, and Jane Doe #3 along with a very brief description of a single communication for each.

The Superseding Indictment also makes numerous references to other co-conspirators that allegedly assisted Mr. Barber in facilitating these arrangements. None of these co-conspirators roles, names, or descriptions are provided in the Superseding Indictment and have been provided by direct reference in any discovery production to date.

This motion is not being filed with the intention to treat a bill of particulars as some form of a motion to compel discovery. The information sought in necessary as Mr. Barber prepares for trial. Given the relative complexity of this case, the girth of discovery, and severe vagueness the indictment Mr. Barber comes in at a severe disadvantage that can only be rectified by the Court granting this motion. Within the Government's voluminous discovery production(s), they have included thousands of pages of medical records, loan applications, e-mails, and other communications regarding hundreds, if not thousands, of potential patients; funding companies; medical offices; civil law firms; and other companies who may or may not have had contact with Mr. Barber or Mr. Barber's entities regarding the removal of TVM. Most of these documents do

3

not reflect any direct information related the allegations made in the Superseding Indictment. This has placed the burden on the Mr. Barber to go through the slow and lengthy process of attempting to figure out not only what is contained in each document, but to then go through the process of accessing it's relevancy to the Superseding Indictment. Granting this motion is the only way to relieve the burden that has been placed on Mr. Barber to try and place the pieces of what could best be described as a very complex puzzle together with the Superseding Indictment as is.

## RELIEF SOUGHT

1) Identification and/or roles of Company-1; Funding Company-1 and Company-2; Funding Company-2); along with any communications; business arrangements; and/or payments with Mr. Barber or any of Mr. Barber's entities

2) Identification and/or roles of the various "others" contained within the Superseding Indictment (Specifically in paragraphs 2, 5, 5(a), 5(d); 7; 9; 10; 11; and 12 of the Superseding Indictment); along with the nature of any communications; business arrangements; and/or payments with Mr. Barber or any of Mr. Barber's entities.

3) Identification of Jane Doe #1; Jane Doe #2; Jane Doe #3 contained within the Superseding Indictment along with particulars about their any communications; business dealings; and/or arrangements with Mr. Barber and/or any of Mr. Barber's entities.

## **CONCLUSION**

For the foregoing reasons, Mr. Barber respectfully requests the court direct the Government to provide a bill of particulars setting forth the particulars requested in this motion in preparation of trial.

Respectfully submitted,

*/s/Joseph C. Flynn*
Joseph C. Flynn, Esquire
Florida Bar Number:47027
Attorney for the Defendant
NeJame Law
189 S. Orange Avenue, Suite 1800
Orlando, Florida 32801
Telephone: (407) 500-0000
Facsimile: (407) 802-1643
E-mail: Trey@nejamelaw.com
Secondary Email:Shari@NeJamelaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 12th day of March, 2021, I personally filed the foregoing, with the Clerk of the Court, and a copy by hand delivery to the following: Office of the United States Attorney, Andrew Estes, 271 Cadman Plaza East, Brooklyn, NY 11201; Co-Defendant Christopher Walker's Counsel at Jodi.Avergun@cwt.com.
.

/s/*Joseph C. Flynn*
Joseph C. Flynn, Esquire
Florida Bar Number:47027
Attorney for the Defendant
NeJame Law
189 S. Orange Avenue, Suite 1800
Orlando, Florida 32801
Telephone: (407) 500-0000
Facsimile: (407) 802-1643
E-mail: Trey@nejamelaw.com
Secondary
Email:Shari@NeJamelaw.com

# EXHIBIT A



NeJame Law, P.A.
189 South Orange Avenue
Suite 1800
Orlando, FL 32801
407.500.0000

www.nejamelaw.com

**VIA US MAIL**
Mr. Andrew Estes
U.S. Attorney's Office
Eastern District of New York
271 Cadman Plaza E.
Brooklyn, NY 11201

Re: *United States v. Wesley Blake Barber*, Case No.: 1:19-cr-00239-RJD

Mr. Estes,

In reviewing discovery and preparing for trial in this matter, I am requesting additional material information be disclosed. Pursuant to Mr. Barber's rights under the Fifth and Sixth Amendments, as well as the Federal Rules of Criminal Procedure, we are requesting the following information not yet received.

1) **All Evidence of Defendant's Written Statements:**

Pursuant to Fed. R. Crim. P 16(a)(1)(B) Mr. Barber any and all additional written or recorded statements, including his communications with or about the Jane Doe #1, Jane Doe #2, and Jane Doe #3 listed in the indictment related to this matter.

2) **All Evidence, including Documents and Audiotapes of Communications:**

Mr. Barber requests evidence, including emails, correspondence, and audiotapes of any communications between and among the government, its agents, and cooperating witnesses, as well as such correspondence and communications between these parties and the defendants in this cause.

3) **Information Regarding Patients who Interacted with Wesley Blake Barber aka Blake Barber, Surgical Assistance Inc., and Medical Funding Consultants LLC**

Please provide all documents, including notes and reports, of any patients who interacted with Wesley Blake Barber aka Blake Barber, Surgical Assistance Inc., and Medical Funding Consultants LLC that are in the custody and control of the government, including law enforcement. This requested information is discoverable under Fed. R. Crim. P. 16 and *Brady v. Maryland*, 373 U.S. 83 (1963).

These requests apply to all witnesses, regardless of whether the government intends to call them at trial. The government has an obligation to provide this material to the defense, regardless of whether the government intends to call these individuals during the trial of Mr. Barber. See *United States v. Jackson*, 345 F3d 59, 70 (2d Cir. 2003); *United States v. Harrison*, 524 F.2d 421, 427 (D.C. Cir. 1975)(noting that "[w]hether or not the prosecution uses the witness at trial, the notes could contain substantive information or leads which would be of use to the defendants on the merits of their case")

Sincerely,

Mark E. NeJame

Joseph C. Flynn, III

Jaya Balani
Attorneys for Wesley Blake Barber

Cc: Fritz Scheller

# EXHIBIT B


NeJame Law, P.A.
189 South Orange Avenue
Suite 1800
Orlando, FL 32801
407.500.0000

www.nejamelaw.com

June 12, 2020

**VIA US MAIL**
Mr. Andrew Estes
U.S. Attorney's Office
Eastern District of New York
271 Cadman Plaza E.
Brooklyn, NY 11201

    Re: *United States v. Wesley Blake Barber*, Case No.: 1:19-cr-00239-RJD

Mr. Estes,

    On October 29, 2019 we sent a letter demanding materials related to the prosecution of Wesley Blake Barber pursuant to Mr. Barber's rights under the Fifth and Sixth Amendments, as well as the Federal Rules of Criminal Procedure. We are making a subsequent request after the most recent production from your office did not contain the materials previously requested. We will be following this request with a request for a statement of Particulars regarding the Amended Indictment.

1) **All Evidence of Defendant's Written Statements:**

    Pursuant to Fed. R. Crim. P 16(a)(1)(B) Mr. Barber any and all additional written or recorded statements, including his communications with or about the Jane Doe #1, Jane Doe #2, and Jane Doe #3 listed in the indictment related to this matter.

2) **All Evidence, including Documents and Audiotapes of Communications:**

    Mr. Barber requests evidence, including emails, correspondence, and audiotapes of any communications between and among the government, its agents, and cooperating witnesses, as well as such correspondence and communications between these parties and the defendants in this cause.

3) **Information Regarding Patients who Interacted with Wesley Blake Barber aka Blake Barber, Surgical Assistance Inc., and Medical Funding Consultants LLC**

    Please provide all documents, including notes and reports, of any patients who interacted with Wesley Blake Barber aka Blake Barber, Surgical Assistance Inc., and Medical Funding Consultants

LLC that are in the custody and control of the government, including law enforcement. This requested information is discoverable under Fed. R. Crim. P. 16 and *Brady v. Maryland*, 373 U.S. 83 (1963).

These requests apply to all witnesses, regardless of whether the government intends to call them at trial. The government has an obligation to provide this material to the defense, regardless of whether the government intends to call these individuals during the trial of Mr. Barber. See *United States v. Jackson*, 345 F3d 59, 70 (2d Cir. 2003); *United States v. Harrison*, 524 F.2d 421, 427 (D.C. Cir. 1975)(noting that "[w]hether or not the prosecution uses the witness at trial, the notes could contain substantive information or leads which would be of use to the defendants on the merits of their case")

4) **In addition to the previous requests, we would ask for any information regarding additional co-conspirators.**

Thank you for your time and cooperation with this matter.

Sincerely,

Joseph C. Flynn, III

/s/

Jaya Balani

/s/

Mark E. NeJame
Attorneys for Wesley Blake Barber

Cc: Fritz Scheller
Tama Beth Kudman